NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3210
_____

In re: GORDON ALLEN WASHINGTON

GORDON ALLEN WASHINGTON,
                                                    Appellant

v.

BANK OF NEW YORK MELLON,
As Trustee for the Certificate-Holders of the CWABS, Inc.,
Asset-Backed Certificates, Series 2007-5

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-14-cv-08063)
District Judge: Honorable Susan D. Wigenton
_____

Submitted Under Third Circuit LAR 34.1(a)
September 26, 2016

Before: AMBRO, SMITH, and FISHER, Circuit Judges

(Opinion filed: September 30, 2016)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

AMBRO, Circuit Judge

Gordon Washington has declared bankruptcy and wants to sell his house in Madison, New Jersey. Though he is in default on his mortgage, he argues that he can sell the property free and clear of the lien his creditors have on the house because they have run out of time to foreclose. The Bankruptcy Court granted Washington summary judgment because it agreed that New Jersey's foreclosure statute of limitations had run. On appeal, the District Court read the statute differently and determined that there was still time left on the clock. We agree with the District Court's interpretation and therefore affirm.[1]

Washington purchased the house in February 2007 and signed a mortgage and a promissory note. Though the maturity date on the note is listed as March 1, 2037, the mortgage gave the creditors the right to require accelerated payment if Washington breached the agreement. A few months after buying the property, Washington stopped making payments. A mortgage document with an effective date of November 2007 reflects that the full amount of the loan was then "due and owing." Joint Appendix ("JA") 10–11. Washington considers this to be an invocation of the acceleration clause.

Meanwhile, the creditors filed a foreclosure complaint in December 2007. It stated that the "whole unpaid principal sum" on the house "shall be now due." JA 11–12.

---

[1] The Bankruptcy Court and District Court had jurisdiction under 28 U.S.C. §§ 157, 158(a), and 1334. We have jurisdiction per 28 U.S.C. §§ 158(d) and 1291. "Because the District Court sat below as an appellate court, this Court conducts the same review of the Bankruptcy Court's order as did the District Court." *In re Telegroup, Inc.*, 281 F.3d 133, 136 (3d Cir. 2002). We review the grant of summary judgment *de novo*. *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

However, in 2013 a New Jersey state court dismissed the foreclosure action without prejudice based on the creditors' failure to prosecute. Washington filed for bankruptcy the following year. In connection with those proceedings, he argued that the creditors no longer had an interest in the house because they had run out of time under New Jersey law to foreclose.

New Jersey's statute of limitations for foreclosures provides:

An action to foreclose a residential mortgage shall not be commenced following the earliest of:

a. Six years from the date fixed for the making of the last payment or the maturity date set forth in the mortgage or the note, bond, or other obligation secured by the mortgage, whether the date is itself set forth or may be calculated from information contained in the mortgage or note, bond, or other obligation, except that if the date fixed for the making of the last payment or the maturity date has been extended by a written instrument, the action to foreclose shall not be commenced after six years from the extended date under the terms of the written instrument;

b. Thirty-six years from the date of recording of the mortgage, or, if the mortgage is not recorded, 36 years from the date of execution, so long as the mortgage itself does not provide for a period of repayment in excess of 30 years; or

c. Twenty years from the date on which the debtor defaulted, which default has not been cured, as to any of the obligations or covenants contained in the mortgage or in the note, bond, or other obligation secured by the mortgage, except that if the date to perform any of the obligations or covenants has been extended by a written instrument or payment on account has been made, the action to foreclose shall not be commenced after 20 years from the date on which the default or payment on account thereof occurred under the terms of the written instrument.

N.J. Stat. Ann. § 2A:50-56.1.

This case is about the relationship between subsections "a" and "c" of the statute. Washington argues that the creditors, by demanding full payment, accelerated the note's

3

maturity date from March 2037 to June 2007 (the date of his default). He therefore contends that, per subsection "a," the creditors had six years from the new maturity date to foreclose, meaning they ran out of time in June 2013. He uses the November 2007 mortgage document and the December 2007 foreclosure filing as evidence of this purported acceleration. The creditors respond that subsection "c" governs instead and that they have until 2027 (20 years after the default) to foreclose. The Bankruptcy Court agreed with Washington and held that the limitations period had run by the time he filed for bankruptcy in 2014. The District Court, by contrast, ruled that subsection "c" is the operative provision and that the creditors still have time left in the 20-year period.

In interpreting a statute, we begin with its text. *See Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002). Subsection "a" tells us to start with the "maturity date set forth in the mortgage or the note." It contemplates that this date can be "extended by a written instrument" but says nothing of the possibility that it can be shortened by a demand for full payment. The note that Washington signed has a maturity date of 2037. And no writing alters that date. By contrast, the wording of subsection "c," which contemplates a default followed by foreclosure, fits comfortably with our facts. Thus, the plain terms of the statute support the creditors' argument.

Additionally, it is a "cardinal principle of statutory construction" to "give effect, if possible, to every clause and word of a statute." *Bennett v. Spear*, 520 U.S. 154, 173 (1997) (internal quotation marks omitted). Under Washington's interpretation of the statute, however, subsection "c" effectively becomes a nullity. Indeed, Washington tries to use the very act of foreclosure as evidence that the six-year period from subsection "a"

4

had started running. But it cannot be that merely filing for foreclosure takes subsection "c" off the table. Otherwise, given that all § 2A:50-56.1 actions involve foreclosure—it is, after all, a foreclosure statute of limitations—the 20-year period from subsection "c" would never be used.

*   *   *   *   *

Because Washington's reading fails to follow the plain text of the statute and renders a portion of it superfluous, we reject it. Like the District Court, we conclude that subsection "c" governs and that the creditors still have time to bring a foreclosure action. Washington also presented the Bankruptcy Court with other arguments apart from the statute of limitations, but we decline to reach them in the first instance.